UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) DOCKET NO.: 1:17-CR-73 |
| | ) |
| v. | ) **JOINT FACTUAL BASIS** |
| | ) |
| DAVID R. PAYNE | ) |
| | ) |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, as well as the Defendant, David R. Payne, by and through his counsel, and files this Factual Basis in support of the Plea Agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the Plea Agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. On or about August 27, 2009, the defendant, David R. PAYNE, knowingly made false statements or omitted material information in a loan application to Bank of Asheville ("BOA"), an institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of that institution, as alleged in Count Eight of the Bill of Indictment.

2. PAYNE made the false statements or material omissions in connection with his application for a $522,000 consolidation loan on behalf of Provision 08, LLC, a corporate entity managed by PAYNE. More specifically, in a Loan Application and Information Sheet ("LAIS") executed by PAYNE on or about August 12, 2009, PAYNE made the following false statements or misleading omissions:

   a. On the LAIS, PAYNE indicated "no" when asked whether any business assets of Provision 08 had been pledged as collateral for loans or supplier agreements.

In truth and fact, PAYNE had pledged an asset of Provision 08 as collateral for a $250,000 loan from Mountain First Bank & Trust on or about May 22, 2009. He had pledged another business asset of Provision 08 as collateral to Pisgah Community Bank to secure $735,000 and $100,000 loans taken out on or about January 20, 2009, and June 22, 2009. And he had pledged the same business asset of Provision 08 that he sought to use as collateral for the BOA loan to two prior lenders as security for loans of $350,000 (to Mountain Mortgage, Inc.) and of $100,000 (to a private hard-money lender). In summary, when PAYNE represented to BOA that he had not pledged any business assets of Provision 08 as collateral for loans, he knew or should have known that he had in fact pledged business assets of Provision 08 to secure at least $1 million of indebtedness.

b. On the LAIS, PAYNE indicated "yes" when asked whether the owners of Provision 08 (meaning PAYNE) had ownership of any other business or partnership, but he only disclosed his ownership interest in his law firm to the bank that made the loan. He did not disclose his ownership interests in any other business entities, such as Shire Properties, LLC, an entity that had taken out one of the undisclosed loans encumbering Provision 08 assets.

c. On the LAIS, PAYNE disclosed only Provision 08's $350,000 debt to Mountain Mortgage, Inc., in the "Business Debt Chart" field. He did not disclose the remainder of the Provision 08 debts set forth above.

3. PAYNE's false statements or material omissions were ones that the Defendant knew, or should have known, were made to influence BOA to issue a consolidation loan to PAYNE's entity Provision 08 in the amount of $522,000.

4. PAYNE therefore admits to being guilty of the offense set forth in Count Eight of the Bill of Indictment.

5. The United States believes that the loss amount for which PAYNE can be held accountable in connection with this plea, consistent with the provisions of the United States Sentencing Guidelines, is $261,000. As noted in the Plea Agreement, the Defendant disagrees with this loss calculation and intends to argue that the losses were substantially lower than that.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

DANIEL V. BRADLEY
ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Indictment, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Indictment, and the Plea Agreement. I hereby certify that the defendant does not dispute this Factual Basis.

Peter C. Anderson, Attorney for Defendant

DATED: 2/9/18

Stephen P. Lindsay, Attorney for Defendant

DATED: 2/9/18