```
 1              UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
 2                   (Asheville Division)

 3

 4   ---------------------------x
     UNITED STATES OF AMERICA,  :
 5             Plaintiff,       :
                                :
 6                              :
     vs                         :Criminal Action:1:17-CR-73
 7                              :
     DAVID R. PAYNE,            :
 8                              :
                 Defendant.     :
 9   ---------------------------x

10

11                            February 15, 2018
                              Charlotte, North Carolina
12

13        The above-entitled action came on for a Rule
     11/Plea Hearing Proceeding before the HONORABLE DAVID S.
14   CAYER, United States Magistrate Judge, commencing at
     10:00 a.m.
15

16

17        APPEARANCES:
          On behalf of the Plaintiff:
18        DANIEL V. BRADLEY, Esquire
          Office of the U.S. Attorney - WDNC
19        233 U.S. Courthouse Building
          100 Otis Street
20        Asheville, North Carolina  28801

21        On behalf of the Defendant:
          PETER C. ANDERSON, Esquire
22        Beveridge & Diamond,  PC
          409 East Boulevard
23        Charlotte, North Carolina  28203

24
     Tracy Rae Dunlap, RMR, CRR            828.771.7217
25   Official Court Reporter
```

1                          **I N D E X**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                                    <u>Page</u>

25  Reporter's Certificate.......................15

1                    **P R O C E E D I N G S.**

2          THE COURT:  United States versus David Payne.

3          MR.  ANDERSON:  Yes, Your Honor.  Pete Anderson

4    for Mr. Payne.  Good morning.

5          MR.  BRADLEY:  Good morning, Your Honor.  Daniel

6    Bradley on behalf of the United States.

7          THE COURT:  Good morning.  Are you ready to

8    proceed, Mr.  Anderson?

9          MR.  ANDERSON:  Yes, I am Your, Honor.

10         THE COURT:  Mr. Payne, stand up there.  Sir, I

11   will be asking you some questions about your plea; the

12   clerk will place you under oath first.

13         THE CLERK:  Place your left hand on the Bible, and

14   raise your right.

15                    (Witness duly sworn at 10:01 a.m.)

16                         **EXAMINATION**

17         BY THE COURT:

18   Q.    Sir, do you understand that you're now under oath

19   and that you're required to give truthful answers to the

20   questions I'm about to ask?

21   A.    I do.

22   Q.    Do you understand that if you give false

23   information under oath you may be prosecuted for perjury

24   or false statement?

25   A.    Yes.

1  Q.     After consulting with your attorney, do you want

2  the Court to accept your guilty plea to one count in this

3  Bill of Indictment?

4  A.     Yes.

5  Q.     You understand that you have the right to have a

6  United States district judge conduct this proceeding?

7  A.     Yes, sir.

8  Q.     Recognizing your right to proceed before a

9  district judge, do you expressly consent to proceed in

10 this court today?  That is before a United States

11 magistrate judge?

12 A.     I do.

13 Q.     Are you now under the influence of any alcohol or

14 drugs?

15 A.     I am not.

16 Q.     Is your mind clear, and do you understand that

17 you're here to enter a guilty plea in your case?

18 A.     Yes.

19 Q.     Have you received a copy of the indictment, and

20 have you discussed its contents with your attorney?

21 A.     Yes.

22        THE COURT:  Mr. Bradley, would you summarize the

23 charge and the penalty?

24        MR. BRADLEY:  Yes, Your Honor.  The defendant is

25 entering a guilty plea in Count Eight of the Bill of

Indictment which alleges false statements to a bank in
connection with a loan application.  Specifically, that
count alleges that on or about August 27th 2009, in
Buncombe County, in the Western District of North
Carolina and elsewhere, the defendant, David R.  Payne,
knowingly made false statements for the purpose of
influencing an institution, the accounts of which were
then insured by the FDIC, that is Bank of Asheville min
connection with an application for a loan.  The false
statements in question are provided in the factual basis
to which the parties have agreed.  The maximum penalties
for violation of 18, United States Code, Section 1014,
are a maximum fine of $1 million, a maximum term of
imprisonment of 30 years, or both, and a maximum term of
supervised release of five years.

      Thank you, Your Honor.

**FURTHER EXAMINATION**

      BY THE COURT:

Q.    Do you fully understand the charge against you,
including the maximum penalty you face if convicted?

A.    I do.

Q.    Do you understand that by pleading "guilty" to a
felony charge you may be deprived of certain civil rights
such as the right to vote, hold public office, serve on a
jury, or possess a firearm?

1  A.      I do.

2  Q.      Have you spoken with your attorney about how the

3  U. S. Sentencing Guidelines might apply to your case?

4  A.      I have.

5  Q.      Do you understand that the district judge will not

6  be able to determine the applicable sentencing guideline

7  range until after your presentence report has been

8  prepared and you've had an opportunity to comment on it?

9  A.      Correct.  Yes, I understand.

10 Q.      Do you understand that in some circumstances you

11 may receive a sentence that's different that is either

12 higher or lower than that called for by the guidelines?

13 A.      I understand.

14 Q.      Do you understand that the Court may order

15 restitution, where applicable?

16 A.      Yes.

17 Q.      Do you understand that if the sentence is more

18 severe than you expected, or the Court does not accept

19 the government's sentencing recommendation, you will

20 still be bound by your plea and you'll have no right to

21 withdraw it?

22 A.      I understand.

23 Q.      Do you understand that parole has been abolished,

24 and if you're sentenced to a term of imprisonment you

25 will not be released on parole?

1    A.      Yes.

2    Q.      If your sentence includes imprisonment you

3    understand that the district judge may also order a term

4    of supervised release?

5    A.      Yes.

6    Q.      Do you understand that if you violate the terms

7    and conditions of supervised release, which typically

8    last from one to five years, you could be returned to

9    prison for an additional period of time?

10   A.      Yes.

11   Q.      Do you understand that you have a right to plead

12   "not guilty," to have a speedy trial before a judge and

13   jury, to summons witnesses to testify in your behalf, and

14   to confront the witnesses against you?

15   A.      I understand I have that right.

16   Q.      If you exercised your right to trial you would be

17   entitled to the assistance of a lawyer, you would not be

18   required to testify, you would be presumed innocent, and

19   the burden would be on the government to prove your guilt

20   beyond a reasonable doubt.  Do you understand all of

21   these rights?

22   A.      Yes.

23   Q.      By entering this plea of "guilty" you're waiving,

24   or giving up, those rights and there will be no trial.

25   If your guilty plea's accepted there will be one more

1  hearing where the district judge will determine what

2  sentence to impose.  Do you understand that?

3  A.     I do.

4  Q.     Are you in fact guilty of the one count in this

5  Bill of Indictment?

6  A.     I am.

7          THE COURT:  Have the United States and the

8  defendant entered into a plea agreement?

9          MR.  BRADLEY:  Yes, Your Honor.

10         THE COURT:  You may summarize that.

11         MR.  BRADLEY:  Thank you, Your Honor.  The

12  essential terms of the plea agreement are as follows.

13  The defendant agrees to enter a voluntary plea of guilty

14  to Count Eight as set forth in the Bill of Indictment and

15  admits to being in fact guilty of the offense charged in

16  Count Eight.  In exchange for that plea, and if the Court

17  finds the defendant's plea to be voluntarily and

18  knowingly made and accepts the plea, then the United

19  States will be moving at the appropriate time to dismiss

20  counts one through seven in the Bill of Indictment.

21         With respect to the sentencing guidelines, and

22  pursuant to Rule 11(c)(1)(B), the Federal Rules of

23  Criminal Procedure, the parties have agreed to the

24  following.

25         a.  The United States will argue that the amount

of actual loss attributable to the defendant's conduct
for purposes of the guidelines, Section 2B1.1(b)(1) is
more than $250,000 but not more than $550,000.

     b.  The defendant reserves the right to argue that
the amount of actual loss attributable to the defendant's
conduct for purposes of guidelines Section 2B1.1(b)(1) is
any number higher than $40,000.

     c.  The defendant understands that loss under
guidelines Section 2B1.1 may be different from, greater
than, or lesser than restitution under 18, United States
Code, Section 3556.

     d.  The parties agree that the guidelines Section
2B1.1(b)(16)(A) and/or 2B1.1(b)(16)(D) enhancements for
gross receipts in  excess of $1 million do not apply.

     e.  The United States agrees that the defendant's
entry of plea is timely for purposes of guidelines
3E1.1(b).

     f.  Notwithstanding any other recommendation
herein, if the Court determines from the defendant's
criminal history that guidelines Section 4B1.1 or 4B1.4
applies, such provision may be used in determining the
sentence.

     g.  The parties agree that the defendant may argue
his position regarding any other offense characteristics
and reductions to the offense level.  The United States

1  will not seek any up upward departures, enhancements, or

2  variances.

3      h.  The United States further agrees it will

4  recommend a sentence at the low end of the sentencing

5  range established by the United States Sentencing

6  Guidelines, as determined by the Court at sentencing, so

7  long as that sentencing range is within Zone D of the

8  guidelines sentencing table.  If the sentencing range

9  determined by the Court at the sentencing hearing falls

10  within any zone other than Zone D of the guidelines

11  sentencing table then the United States will recommend a

12  sentence that is within that guideline sentencing range.

13      i.  The defendant may seek a departure or variance

14  from the applicable guideline range determined by the

15  district court at sentencing.  However, if the defendant

16  wishes to argue for a departure or variance that could

17  take the sentence outside of the advisory range, the

18  defendant will notify the Court, the probation officer,

19  and the United States at least ten days in advance of

20  sentencing of the facts or issues the defendant intends

21  to raise.  If the defendant intends to rely upon any

22  expert report or opinion at sentencing, the defendant

23  must disclose any such opinion or report to the United

24  States 30 days in advance of the sentencing date.

25      j.  The United States agrees it will inform the

Court and probation office of all facts pertinent to the
sentencing process and will present any evidence
requested by the Court.  The defendant will also provide
supplemental information to the probation officer.

With respect to the procedure.  The defendant has
agreed that a duly qualified federal magistrate judge may
conduct the hearing required by Rule 11.

With respect to waivers.  The defendant is aware
the law provides certain limited rights to withdraw a
plea of guilty, has discussed these rights with defense
counsel, and knowingly and expressly waives any right to
withdraw the plea once the magistrate judge has accepted
it.

Furthermore, the defendant, in exchange for the
concessions made by the United States in this plea
agreement, waives all rights to contest the conviction
and/or sentence except for claims of ineffective
assistance of counsel or prosecutorial misconduct.

Finally, this agreement is effective and binding
once signed by the defendant, defendant's attorney, and
an attorney for the United States.  There are no
agreements, representations, or understandings between
the parties in this case other than those explicitly set
forth in this plea agreement or as noticed by the Court
during the plea colloquy and contained in writing in a

1   separate document signed by all parties.

2         Thank you, Your Honor.

3                    **FURTHER EXAMINATION**

4         BY THE COURT:

5   Q.    Do you understand those to be the terms of your

6   plea agreement, and do you agree with those terms?

7   A.    I do and I do.

8         MR. ANDERSON:  Your Honor, if I can clarify.

9   There is on Page 4 the entry of a money judgment which

10  the parties have just signed today.  I don't know whether

11  you want us to present that or just for your signature

12  and file it subsequently, but we have entered a $167,000

13  money judgment which is memorialized in a separate

14  agreement.

15        MR.  BRADLEY:  That's right, Your Honor, and I

16  anticipated presenting this to Your Honor at the close of

17  the Rule 11.

18        THE COURT:  That's fine.

19                   **FURTHER EXAMINATION**

20        BY THE COURT:

21  Q.    Has the right to appeal your conviction and

22  sentence been expressly waived in this plea agreement?

23  A.    Yes.  Yes.

24  Q.    Has the right to challenge your conviction and

25  sentence in a post-conviction proceeding also been waived

```
1   in the plea agreement?
2   A.     Yes.
3   Q.     Is that your signature on the plea agreement?
4   A.     Let me look at it.  It is.
5   Q.     Are you aware that a Factual Basis has been filed
6   as an attachment to your plea agreement?
7   A.     Yes.
8   Q.     Have you read this factual basis, and do you
9   understand it and agree with it?
10  A.     I do.  I did and I do.
11  Q.     Has anyone threatened, intimidated, or forced you
12  to enter a guilty plea today?
13  A.     No.
14  Q.     Other than the terms of your plea agreement has
15  anyone made you any promises of leniency or a light
16  sentence to induce you to plead guilty?
17  A.     No.
18  Q.     Have you had enough time to discuss with your
19  attorney any possible defenses you may have to this
20  charge?
21  A.     Yes.
22  Q.     Are you satisfied with the services of your
23  attorney in this case?
24  A.     I am.
25  Q.     Is there anything that you would like to say at
```

1  this time about the services of your attorney?
2  A.    No.
3  Q.    Have you heard and understood all parts of this
4  proceeding, and do you still wish to plead guilty?
5  A.    I have and I do.
6  Q.    Do you have any questions or statements that you
7  would like to make at this time?
8  A.    No, Your Honor.
9       THE COURT:  Mr.  Anderson, have you reviewed each
10  of the terms of the plea agreement with him, and are you
11  satisfied that he understands those terms?
12       MR.  ANDERSON:  I have, Your Honor, and I am
13  satisfied.
14       THE COURT:  I'll submit the transcript for review
15  and signature by counsel and the defendant.
16       The Court finds the plea to be knowingly and
17  voluntarily made and finds the factual basis to support
18  the plea.  The plea is accepted.  The Court recommends
19  the district judge accept the plea and enter judgment
20  thereon.  The defendant has 14 days to make objection.
21       Did you want him interviewed for the presentence
22  report?
23       MR.  ANDERSON:  Not today, Your Honor.  We don't
24  know -- we do want him interviewed.  He is from
25  Asheville, but we'll coordinate and interview, and I'd

1  like to be present.

2      THE COURT:  That's fine.  This just indicates that

3  you do want him to be interviewed at some point.

4      MR.  ANDERSON:  Yes.  Thank you, Your Honor.

5      THE COURT:  I'm assuming his conditions of release

6  were previously set.

7      MR.  ANDERSON:  Yes, they were, Your Honor.

8      THE COURT:  Does the government want to be heard

9  on that?

10     MR.  BRADLEY:  No, Your Honor.

11     THE COURT:  He's continued on the same conditions

12  of release.

13     MR.  ANDERSON:  Thank you, Your Honor.

14     THE COURT:  Yes, sir.

15     THE COURT:  Yes, sir.

16                (Off the record at 10:15 a.m.)

17                    **CERTIFICATE**

18     I, Tracy Rae Dunlap, RMR, CRR, an Official Court
   Reporter for the United States District Court for the
19  Western District of North Carolina, do hereby certify
   that I transcribed, by machine shorthand, the proceedings
20  had in the case of UNITED STATES OF AMERICA versus DAVID
   R. PAYNE, Criminal Action Number 1:17-CR-73, on February
21  15, 2018.

22     In witness whereof, I have hereto subscribed my
   name, this 7th day of December, 2018.

23

24              __/S/__Tracy Rae Dunlap__
                TRACY RAE DUNLAP, RMR, CRR
25              OFFICIAL COURT REPORTER