# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CRIMINAL ACTION NO. 1:17-CR-00073-KDB

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | **ORDER** |
| DAVID R. PAYNE, | |
| **Defendant.** | |

**THIS MATTER** is before the Court upon Defendant David R. Payne's Unopposed Motion to Terminate Supervised Release. (Doc. No. 64).

Title 18 U.S.C. § 3583(e) states that a court may "terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year* of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1) (emphasis added).

Defendant's motion indicates that he began his term of supervised release in June 2019. Defendant's motion to terminate his supervised release under section 3583(e)(1) fails because he has not yet served a full year of his supervised release. *See, e.g.*, *United States v. Nestor*, 461 F. App'x 117, 179 (3d Cir. 2012) (denying defendant's motion to reduce the term of his supervised release because "[s]ection 3583(e)(1) contemplates the reduction of a term of supervised release only after a defendant has served one year of his term of supervised release"); *United States v. Pregent*, 190 F.3d 279, 282-83 (4th Cir. 1999) ("The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for

supervision after the individual has served one full year on supervised release."); *United States v. Pressly*, No. 11-262, 2015 WL 4378379, at *6 (E.D. Pa. July 15, 2015) (denying motion for termination of supervised release under section 3583(e)(1) because defendant had not served a full year of supervised release). Accordingly, the Court will deny Defendant's motion at this time, but will do so without prejudice to file again once Defendant has served one full year on supervised release.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Terminate Supervised Release, (Doc. No. 64), is **DENIED** without prejudice to raise again once Defendant has served one year of supervised release.

The Clerk is directed to serve a copy of this Order on Defendant, counsel for the Defendant, the United States Attorney, and the United States Probation Office.

**SO ORDERED.**

Signed: March 12, 2020

Kenneth D. Bell
United States District Judge